UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE FORD,

          Plaintiff,

vs.

          Case No. 22-CV-12368

          HON. GEORGE CARAM STEEH

LARRY BROWN and
DEREK GOWDY,

          Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
(ECF NO. 37), DENYING PLAINTIFF'S MOTION FOR SUMMARY
ENFORCEMENT OF SETTLEMENT AGREEMENT (ECF NO. 17) AND
GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 14)**

Plaintiff George Ford, a state prisoner who is proceeding *in pro per*,
filed the instant lawsuit against defendants Larry Brown and Derek Gowdy
to challenge his designation as a member of a security threat group
("STG"). Plaintiff claims that defendants violated his rights under the First
and Fourteenth Amendment and seeks declaratory, injunctive, and
monetary relief. After the case was filed, a mediation conference took place
as part of the *Pro Se* Early Mediation Program, but the case failed to settle.
Defendants filed a motion to dismiss (ECF No. 14) and plaintiff filed a
motion for summary enforcement of a settlement agreement (ECF No. 17).

- 1 -

The motions were referred to the Magistrate Judge, who prepared a Report and Recommendation (R&R) recommending that defendants' motion be granted and plaintiff's motion be denied (ECF No. 37). The matter is before the Court on plaintiff's timely objections (ECF No. 41). For the reasons set forth below, plaintiff's objections are overruled and the R&R is adopted as an order of the Court.

## I.   Standard of Review

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

## II.   Background

After plaintiff filed his complaint, the case was stayed and referred to the *Pro Se* Early Mediation Program. Assistant Attorney General Austin Raines entered a limited appearance, representing defendants for the limited purpose of participating in the Early Mediation Program (ECF No.

7). A mediation conference took place February 7, 2023. The case did not settle, and the stay was lifted. On March 4, 2023, Raines was discontinued from receiving ECF notifications. Assistant Attorney General Joshua Marcum filed an appearance on behalf of defendants (ECF No. 13), as well as a motion to dismiss (ECF No. 14), on April 25, 2023.

Plaintiff filed his motion for summary enforcement of the settlement agreement on May 26, 2023 (ECF No. 17). In his motion, plaintiff states that following the mediation, he and Attorney Raines participated in a telephone conference on April 6, 2023. Plaintiff describes that he and Raines "agreed that we would settle the case for $850 and the immediate[] removal of my Security Threat Group (STG) designation." (ECF No. 17, PageID.94.) Plaintiff attached his sworn and notarized affidavit in support. Plaintiff contends that after he and Raines verbally settled the case, he waited for Raines to send him release and dismissal forms, which he never received.

Defendants agree that plaintiff and Raines participated in an additional settlement discussion on April 6, 2023, but assert that no agreement was reached. (ECF No. 18, PageID.104-05). Raines submits his own affidavit, averring that during the April discussion plaintiff conveyed his settlement terms, which Raines indicated he would relay to the Michigan

Department of Corrections ("MDOC") for consideration. *Id*. at PageID.109. The MDOC did not agree to the terms, and thus Raines states that there was no agreement to the essential terms of a settlement. *Id*.

Presented with conflicting affidavits, the Magistrate Judge conducted an evidentiary hearing on December 20, 2023. The Magistrate Judge granted plaintiff's motion to produce two of his fellow prisoners as witnesses to his understanding that a settlement had been reached (ECF NO 32). However, prior to the hearing, defendants stipulated that "it was Plaintiff's belief (whether mistaken or not) that a settlement had been reached during the April 6, 2023 teleconference for $850 and the removal of the Security Threat Group designation." (ECF No.35, PageID.208). Based on the stipulation, the Magistrate Judge determined that plaintiff's subjective belief was not contested and identified the sole disputed issue as whether the parties actually and mutually reached an agreement with respect to the material terms of a settlement. The Magistrate Judge cancelled the writs for plaintiff's witnesses' testimony the day before the hearing because their testimony was no longer relevant to the only remaining disputed issue.

### III.    Objections One and Two

Plaintiff's first two objections relate to the cancellation of his two witnesses the day before the evidentiary hearing. In Objection One, plaintiff asserts that the Magistrate Judge inappropriately participated in the case by directing defendants how to advocate their case. Specifically, the Magistrate Judge's order granting plaintiff's motion to produce witnesses contained the caveat that the writs would be cancelled if "Defendants file a Notice stating that Defendants do not contest that it was Plaintiff's belief (whether mistaken or not) that a settlement had been reached during the April 6, 2023 teleconference for $850 and the removal of the Security Threat Group designation. If no such notice is filed, the witnesses will be allowed to testify pursuant to Fed. R. Evid. 803(1)." (ECF No. 32). Defendants then filed a notice that contained the exact statement, as directed by the Magistrate Judge (ECF No. 35).

When a judge suggests ways for the parties to resolve issues in litigation, he is not engaging in advocacy, but rather encouraging docket efficiency. Plaintiff's witnesses were being called to testify in support of plaintiff's position that he believed a settlement had been reached as well as the terms of the settlement. The Magistrate Judge's suggested stipulation resulted in plaintiff's subjective belief no longer being a disputed

issue. Plaintiff was alleviated of the burden of proving one of the required elements of his claim and he suffered no prejudice as a result of the judge suggesting the stipulation.

In Objection Two, plaintiff objects to the exclusion of his witnesses under Federal Rule of Evidence 803(1), which is the hearsay exception for present sense impressions. This is the evidentiary rule that would have allowed plaintiff's witnesses to testify to his subjective belief regarding the terms of the settlement because they witnessed his response during or immediately following his phone call with Attorney Raines. The rule was not applied to exclude the witnesses from testifying.

Plaintiff's first two objections are overruled.

## IV. Objection Three

Plaintiff next contends the Magistrate Judge applied the wrong standard to the motion to enforce settlement agreement. The Sixth Circuit has held that "[t]he power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (citations omitted)). Importantly, "[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material

terms." *Id*. (citing *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988). Contrary to plaintiff's objection, a settlement agreement is a judgment by consent and a court's authority for entry of final judgment incorporating the terms of a settlement agreement is not governed by the summary judgment standard. *Kukla v. Nat'l Distillers Prod. Co.*, 483 F.2d 619, 621 (6th Cir. 1973).

Settlement agreements are governed by contract law. Before a contract can be completed, there must be an offer and acceptance. *Pakideh v. Franklin Commercial Mortgage Group, Inc.*, 213 Mich. App. 636, 640 (Mich. Ct. App. 1995). Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed. *Id*. Further, a contract requires mutual assent or a meeting of the minds on all essential terms. *Burkhardt v. Bailey*, 260 Mich. App. 636, 655 (Mich. Ct. App. 2004).

In considering the evidence, the Magistrate Judge found it significant that Raines did not prepare and send documents to plaintiff following their phone conference. Instead, he sent an email conveying the terms of plaintiff's counteroffer to Castillo, who everyone agreed operated as the client representative and had to approve any settlement. Based on these facts, the Magistrate Judge concluded that the parties had not reached a mutual agreement to settle the case on all material terms. Reviewing this

portion of the R&R *de novo*, the court finds that there was not a meeting of the minds on all the essential terms, therefore a settlement agreement was not reached. Plaintiff's objection is overruled.

## V.    Objection Four

Plaintiff objects that the Magistrate Judge misconstrued his argument that he has a First Amendment right against retaliation for receiving legal money transfers from friends and family. A plaintiff must establish three elements to assert a First Amendment retaliation claim: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The Magistrate Judge correctly found that plaintiff could not establish the first element because receiving money is not protected activity. Therefore, plaintiff is unable to state a First Amendment retaliation claim based on his receipt of money from friends and family. This objection is overruled.

## VI.    Objection Five

Plaintiff seeks to clarify that he is not making a separate facial challenge to the MDOC Policy Directives, but rather he challenges how the

Policy Directives were applied to him in his Fourteenth Amendment

retaliation claim. He objects to the Magistrate Judge's recommendation

that, to the extent the complaint asserts a violation of MDOC policy, it

should be dismissed for failure to state a claim upon which relief may be

granted under § 1983. The court takes notice that plaintiff disavows

bringing a cause of action for a violation of policy directives.

## VII.  Objection Six

Lastly, plaintiff objects to the Magistrate Judge's conclusion that

defendants are entitled to sovereign immunity. In support of his objection,

he refers to his response to defendants' motion to dismiss but fails to point

out any specific error in the R&R. *See Cole v. Yukins*, 7 F. App'x 354, 356

(6th Cir. 2001) ("The filing of vague, general, or conclusory objections does

not meet the requirement of specific objections and is tantamount to a

complete failure to object."); *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th

Cir. 2006) ("[O]bjections disput[ing] the correctness of the magistrate's

recommendation but fail[ing] to specify the findings ... believed [to be] in

error' are too general." (quotation omitted)).

## VIII.  Conclusion

The court ADOPTS the Magistrate Judge's recommendations (ECF

No. 37).

IT IS HEREY ORDERED that plaintiff's motion for summary

enforcement of settlement agreement (ECF No. 17) is DENIED.

IT IS HEREBY FURTHER ORDERED that defendants' motion to

dismiss (ECF No. 14) is GRANTED.

Dated:   March 27, 2024

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on March 27, 2024, by electronic and/or ordinary mail and
also on George Daniel Ford #158819, Lakeland
Correctional Facility, 141 First Street,
Coldwater, MI 49036

s/Lashawn Saulsberry
Deputy Clerk

---